**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELSA ELIDA GOMEZ SAAVEDRA, AKA Elsa Gomez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72904 <br><br> Agency No. A071-601-806 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Elsa Elida Gomez Saavedra, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

remand and dismissing her appeal from an immigration judge's ("IJ") decision

denying her application for asylum and withholding of removal. Our jurisdiction is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We review for abuse of discretion the BIA's denial of a motion to remand.  *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008).  We dismiss in part and deny in part the petition for review.

In her opening brief, Gomez Saavedra does not raise any challenge to the agency's conclusion that the proposed particular social groups based on reporting to the police and her status as a perceived wealthy returnee are not cognizable.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).  We lack jurisdiction to consider the proposed particular social groups Gomez Saavedra raises for the first time in her opening brief.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not raised to agency).  We do not address Gomez Saavedra's contentions of error as to a cognizability analysis applied to the proposed particular social groups raised for the first time in her opening brief because the BIA did not deny relief on those grounds.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's determination that Gomez

19-72904

Saavedra failed to establish the harm she experienced or fears was or would be on account of a protected ground, including a political opinion. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (rejecting political opinion claim where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Gomez Saavedra's asylum and withholding of removal claims fail.

The BIA did not abuse its discretion in denying Gomez Saavedra's motion to remand, where her contentions that the IJ lacked jurisdiction over her proceedings are foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-61 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020). Gomez Saavedra's request, raised in her opening brief, to hold this case in abeyance pending a decision by the Supreme Court of the United States in *Niz-Chavez v. Barr*, No. 19-863, is denied.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**